IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CINDY CARILLO,**

    **Plaintiff,**

**vs.**                                                                                         **Civ. No. 00-1087 JP/RLP-ACE**

**STATE OF NEW MEXICO WORKER'S**
**COMPENSATION ADMINISTRATION,**
**and RICHARD CROLLET,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

In a Memorandum Opinion and Order filed on July 26, 2001, the Court ordered further briefing on two aspects of Plaintiff's case and denied Defendants' motion for summary judgment as to Plaintiff's claim that Defendant Crollet retaliated against her by yelling at Plaintiff and keeping her away.  Doc. No. 73 at 25-27.  The Court granted summary judgment in favor of Defendants as to the remainder of Plaintiff's claims.

The further briefing which the Court ordered was intended (1) to supplement virtually non-existent briefing on Plaintiff's substantive due process claim, Doc. No. 73 at 11, and (2) to provide clarification on whether there exists a claim for "hostile work environment . . . on the basis of . . . retaliation" for which Plaintiff argued at page 27 of her brief, and if so whether such a claim was somehow separate from the retaliation claims for which Plaintiff argued beginning on page 35 of her brief, and if so, whether Plaintiff could pursue both, Doc. No. 73 at 28-29.  This briefing was due on August 10, 2001.  On that date, Defendants filed a brief.  In their brief, Defendants argued persuasively that summary judgment should be granted as to the claims at issue.  Plaintiff neither filed a brief nor sought an extension of the August 10 deadline.

Accordingly, Defendants' motion for summary judgment will be granted as to Plaintiff's substantive due process claim and as to any claim that Defendants created a "hostile work environment . . . on the basis of . . . retaliation."  Doc. No. 66 at 27.

In their August 10, 2001 brief, in addition to addressing the specific points on which the Court ordered further briefing, Defendants also asked that the Court reconsider its ruling that Plaintiff was adversely affected by Crollet yelling at Plaintiff and keeping her away.  Doc. No. 82 No. at 14, 16.  Defendants' supplemental brief--the first and only brief of any value with respect to the "ridicule" which Plaintiff appeared to claim constituted an adverse action, Doc. No. 66 at 3, 37--helped focus the Court's attention on the relevant chain of events.  As noted in the July 26, 2001 Memorandum Opinion and Order, Plaintiff testified that Defendant Crollet's retaliatory conduct began as early as June 1998.  Doc. No. 73 at 25.  Prior to June 1998, as Defendants pointed out, Plaintiff had engaged in protected conduct that was related to Crollet.  Doc. No. 61 at Fact 4 (undisputed).  Specifically, in March 1998, Plaintiff had filed a grievance alleging that the new requirement that the Bureau Chief position be filled by an attorney amounted to sex and national origin discrimination.  Id. at Fact 4 (same).  Plaintiff did not meet the new job description but Crollet did and was made Bureau Chief in May 1998.  Id. at Fact 5 (same).  Viewing these facts in a light most favorable to Plaintiff, I found that Plaintiff's March 1998 complaint, essentially challenging Crollet's qualifications, could have caused Crollet to begin work at the WCA with intent to retaliate against Plaintiff, which could thus have accounted for Crollet's behavior which began as early as June 1998.  Doc. No. 73 at 27.

However, Defendants have now called attention to an incident that breaks the chain of events and undermines the causal inference.  Plaintiff testified that a few weeks after Crollet's first

2

day as Bureau Chief, before Crollet's June 1998 conduct which Plaintiff labels retaliation, Crollet called Plaintiff into his office so that they could get acquainted.  Doc. No. 66, Ex. A at 72.  Plaintiff described the conversation which followed as pleasant.  Id. at 74-75.  Thus, whatever inference to which Plaintiff may have been entitled based on Crollet's beginning, during June, 1998, to yell at Plaintiff and keep her away because of a grievance she had filed in March 1998 is erased by the intervening pleasant conversation between Plaintiff and Crollet.  As Plaintiff even testified, "[e]verything went downhill from there," meaning after their initial pleasant meeting.  Id. at 75 (emphasis added).  Asked to explain what she thought caused Crollet subsequently to retaliate against her by yelling at her, Plaintiff first responded that she "could not explain why he was retaliating against me." Id. at 72.  A little later during the same deposition, Plaintiff said that during their initial meeting, Crollet had asked her to sit next to him.  Id. at 75-76.  Plaintiff declined and said that she preferred to stand.  Id. at 74.  This is not evidence that Plaintiff "opposed any practice made unlawful" by Title VII.  42 U.S.C. § 2000e-3.  Plaintiff did not even consider Crollet's request to be an unlawful employment practice until she attended "sexual harassment training" in the fall of 2000.  Doc. No. 66, Ex. A at 74-75.  The next closest alleged instance of protected conduct did not occur until August 25, 1998, Doc. No. 73 at 5, and thus could not have caused any retaliation that occurred as early as June 1998.  Plaintiff testified that whenever she filed a grievance, Crollet's behavior toward her would get worse.  Doc. No. 66, Ex. A at 71.  Plaintiff provides no illustration.  Accordingly, having reconsidered the previous decision with respect to Plaintiff's claim that Crollet retaliated against Plaintiff by yelling at her and keeping her away, summary judgment will be granted as to Plaintiff's claim that Defendant Crollet retaliated against Plaintiff by verbally ridiculing Plaintiff by yelling at her and by keeping her away.

IT IS THEREFORE ORDERED THAT

1. Defendants' motion for summary judgment is granted as to Plaintiff's substantive due process claim, and

2. Defendants' motion for summary judgment is granted as to Plaintiff's claim that Defendants created a hostile work environment on the basis of retaliation.

IT IS FURTHER ORDERED, upon reconsideration, that Defendants' motion for summary judgment is granted with respect to Plaintiff's claim Defendants retaliated against her by subjecting her to "verbal ridicule" as alleged on page 37 of Plaintiff's Amended Response (Doc. No. 66).

_____
**CHIEF UNITED STATES DISTRICT JUDGE**