IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CINDY CARILLO,

      Plaintiff,

vs.                                          Civ. No. 00-1087 JP/RLP - ACE

STATE OF NEW MEXICO WORKER'S
COMPENSATION ADMINISTRATION
and RICHARD CROLLETT,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

      On September 6, 2001, Defendants filed a motion for sanctions (Doc. No. 100), seeking to recoup fees associated with their compliance with the Court's order to file supplemental briefing on Plaintiff's claim that her substantive due process rights had been violated. Defendants' fees totaled $2,635.23. Interpreting Plaintiff's failure to file a supplemental brief as a reckless disregard the Court's order, Defendants argue that Plaintiff's conduct is sanctionable under 28 U.S.C. § 1927.

*Background*

      The order upon which Defendants' motion is based is a memorandum opinion and order dated July 26, 2001. Doc. No. 73. In that order, the Court noted the poor briefing by both parties on the issue of substantive due process, and admonished the parties to submit supplemental briefs on that issue. Id. at 11-12. The final sentence of the Court's order required the parties to file their supplemental briefs on August 10, 2001, and then stated: "[I]f Plaintiff

does not intend to pursue the claims about which further briefing has been ordered, she must advise the Court and opposing counsel in writing immediately." Id. at 32.

Plaintiff failed to notify the Court or opposing counsel that she intended to drop her claim regarding substantive due process. Plaintiff also failed to file a supplemental brief defending her claim. Because Defendants were not notified that Plaintiff would drop her claim, Defendants filed a supplemental brief refuting Plaintiff's claim that her substantive due process rights had been violated. Given the state of the briefing, the Court then granted summary judgment on Plaintiff's remaining claims, including her substantive due process claim. Doc. No. 87 at 1-2. Thereafter, Plaintiff filed a motion to reconsider wherein Plaintiff expressly stated that she did not seek "reconsideration of [the] ruling with regard to her substantive due process claim . . . ." Doc. No. 96 at 2-3.

*The Legal Standard*

Under 28 U.S.C. § 1927, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees incurred because of such conduct." The Tenth Circuit has stated that the authority to impose sanctions under Section 1927 "must be strictly construed and utilized only in instances evidencing a serious and [studied] disregard for the orderly process of justice." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). Under Tenth Circuit precedent, "conduct which manifests intentional or reckless disregard of the attorney's duties to the court" warrants the imposition of sanctions under Section 1927. *Id*.

*Discussion*

Defendants argue that in light of the Court's order, opposing counsel's failure to inform them that Plaintiff would not pursue her substantive due process claim before the supplemental brief was due is tantamount to the "reckless disregard of the attorney's duties to the court." Doc. No. 101 at 3-4. Defendants' exasperation with opposing counsel for her failure either to file timely a supplemental brief addressing the substantive due process claim or to defend the merits of that claim in her motion to reconsider is understandable. However, Defendants' argument fails to appreciate opposing counsel's explanation of events, which the Court finds plausible.

Plaintiff's counsel explained that she intended to pursue Plaintiff's substantive due process claim, but inadvertently calendared the date the supplemental brief was due to be filed as August 22, 2001, thereby missing the actual due date of August 10, 2001, ordered by the Court. As evidence that her intentions were genuine, Plaintiff's counsel refers to other instances of dismissing or clarifying claims when she was asked to do so. Pl.'s Resp. at 2. Plaintiff's counsel points out that once the Court entered a final summary judgment on August 21, 2001, the purpose of filing a supplemental brief was extinguished. After entry of the final summary judgment, counsel was no longer in the position of persuading the Court that Plaintiff's substantive due process claim had merit; counsel's burden then was to demonstrate that the Court had erred as a matter of law in dismissing the claim. Pl.'s Resp. at 3. At that juncture, given the heightened burden Plaintiff's counsel faced and lacking clear precedent to guide her in the task, Plaintiff's counsel made a strategic decision to omit the claim from Plaintiff's motion to reconsider. Id.

Plaintiff's counsel admits that her failure to timely file a supplemental brief was negligent. Pl.'s Resp. at 5. However, Plaintiff's counsel argues that her negligence does not rise to the level of reckless disregard of her duties to the court. The Court agrees. For an attorney's conduct to become sanctionable under Section 1927, the conduct must be "more severe than mere negligence, inadvertence, or incompetence." *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir.1990); *see also U.S. v. Wallace*, 964 F.2d 1214, 1220 (D.C. Cir. 1992) ("[R]eckless misconduct differs from negligence in several important particulars. It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness, or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency, in that reckless misconduct requires conscious choice of a course of action . . . ."); *United States v. Ross*, 535 F.2d 346 (6th Cir.1976) (holding that an unintended inconvenience caused by counsel's failing to appear at a court hearing was not sanctionable under Section 1927).

Although the conduct of Plaintiff's counsel has been unprofessional at times, which would include her failure to file timely a supplemental brief, the Court does not find that counsel's conduct reflects a conscious choice of action that rises to the level of a "serious and [studied] disregard for the orderly process of justice." *Braley*, 832 F.2d at 1512. Because counsel had intended to file a supplemental brief, she had no reason to inform Defendants before August 10, 2001, that she planned to drop her substantive due process claim. It was not until after the Court entered the final summary judgment on August 21, 2001, that counsel for Plaintiff made the decision to drop that claim. Plaintiff's counsel has already faced the severest penalty possible: her client's claims were dismissed with prejudice. *Id.* ("The assessment of excess costs, expenses, or attorney's fees is a relatively mild sanction, especially when compared to

4

dismissal."). Although the course and consequences of counsel's conduct is regrettable, it does not warrant the imposition of sanctions under Section 1927.

IT IS THEREFORE ORDERED that Defendants' Motion for Sanctions (Doc. No. 100) is DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE